IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTEE CO., <br><br>     Plaintiff, <br><br><br><br>     vs. <br><br><br><br> UNITED STATES SPORTS SPECIALTY ASSOCIATION and NELSON, CHIPMAN & BURT, <br><br>     Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT |
| UNITED STATES SPORTS SPECIALTY ASSOCIATION, <br><br>     Counterclaimant, <br><br><br><br>     vs. <br><br><br><br> UNITED STATES FIDELITY AND GUARANTEE CO., <br><br>     Counterclaim Defendant. | Case No. 2:07-CV-996 TS |
| UNITED STATES SPORTS SPECIALTY ASSOCIATION, <br><br>     Third-party Plaintiff, | |

1

|  |  |
|---|---|
| vs.<br><br>NELSON, CHIPMAN & BURT, CLIFFORD PAYNE, LEWIS QUIGLEY, and AMERICAN SPECIALTY INSURANCE SERVICE, INC.,<br><br>    Third-party Defendants. |  |

This matter is before the Court on Plaintiff United States Fidelity and Guarantee Company's ("USF&G") Motion for Leave to File Fourth Amended Complaint.[1] Defendants Nelson, Chipman & Burt, and Third-party Defendants Clifford Payne and Lewis Quigley (collectively referred to hereinafter as "Defendants") have opposed Plaintiff's Motion.

## I. PROCEDURAL BACKGROUND

On August 13, 2009, this Court certified three questions pertaining to this matter to the Utah Supreme Court. This case was stayed pending a response. The Utah Supreme Court issued a decision on the certified questions on February 13, 2012. A status conference was then held in this matter and a new trial date was set for November 6, 2012. An amended scheduling order was adopted on April 9, 2012. Pursuant to the Amended Scheduling Order, amended pleadings were due by March 30, 2012. Plaintiff filed the instant Motion in a timely manner on March 30, 2012.

## II. DISCUSSION

Plaintiff seeks leave to file a fourth amended complaint to clarify its claims and allegations against Defendants. Defendants oppose Plaintiff's Motion because: (1) the proposed

---

[1]Docket No. 185.

amended complaint is incompatible with the incorporated portions of the United States Sports Specialty Association ("USSSA") complaint and cannot be reconciled by a mere caveat; (2) Plaintiff has already denied or disclaimed the incorporated portions of the previous complaint; (3) Defendants should not have to parse out what is alleged; (4) Plaintiff's fraud claims lack particularity; and (5) the proposed amended complaint adds no new facts or legal theories that were not already in the case.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave and instructs that "[t]he court should freely give leave when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[2] Defendants' arguments for denying leave to amend are rooted in assertions of undue prejudice and futility.

Defendants' claims of undue prejudice are premised on their objection to Plaintiff's adopting by reference under Federal Rule of Civil Procedure 10(c) ninety-four paragraphs from Counterclaimant and Third-party Plaintiff USSSA's complaint. Rule 10(c) allows a statement in a pleading to be "adopted by reference elsewhere in the same pleading or in any other pleading or motion." However, "[t]he later pleading must adopt specific portions or all of the earlier pleading 'with a degree of clarity which enables the responding party to ascertain the nature and extent of the incorporation.'"[3]

---

[2]*Frank v. U.S. West, Inc.*, 3. F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

[3]*Gen. Accident Ins. Co. of Am. v. Fid. & Deposit Co. of Md.*, 598 F. Supp. 1223, 1229 (E. D. Penn 1984).

Here, because of the relationship of USSSA and Plaintiff, the broad adoption by Plaintiff of ninety-four paragraphs of USSSA's complaint does not provide sufficient clarity to enable Defendants to adequately respond to Plaintiff's proposed Fourth Amended Complaint. Therefore, the Court will require Plaintiff re-state the referenced material with sufficient clarity to put Defendants on notice of the claims against them. Any resultant prejudice to Defendants will be ameliorated by the requirement of a more definite statement by Plaintiff.

The requirement of a more definite statement will also remedy Defendants' assertions of futility as such are based on the incompatibility of Plaintiff's Fourth Amended Complaint and incorporation by reference of USSSA's allegations. Defendants' remaining arguments do not merit denial of Plaintiff's Motion under the liberal standard set out in Rule 15(a).

### III.  CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion for Leave to File Fourth Amended Complaint (Docket No. 185). Plaintiff shall have fourteen (14) days within which to file an amended complaint that complies with the terms of this Order.

DATED   June 25, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge