IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTEE CO., <br><br> Plaintiff, <br><br><br><br> vs. <br><br><br> UNITED STATES SPORTS SPECIALTY ASSOCIATION and NELSON, CHIPMAN & BURT, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING USF&G'S MOTION TO SUBSTITUTE |
| UNITED STATES SPORTS SPECIALTY ASSOCIATION, <br><br> Counterclaimant, <br><br><br><br> vs. <br><br><br> UNITED STATES FIDELITY AND GUARANTEE CO., <br><br> Counterclaim Defendant. | Case No. 2:07-CV-996 TS |
| UNITED STATES SPORTS SPECIALTY ASSOCIATION, <br><br> Third-party Plaintiff, | |

|  |  |
|---|---|
| vs.<br><br>NELSON, CHIPMAN & BURT, CLIFFORD PAYNE, LEWIS QUIGLEY, and AMERICAN SPECIALTY INSURANCE SERVICE, INC.,<br><br>     Third-party Defendants. |  |

This matter is before the Court on Plaintiff United States Fidelity and Guarantee Company's ("USF&G") Motion to Substitute Real Parties In Interest.[1]  Defendants Nelson, Chipman, & Burt, and Clifford Payne (collectively "NCB") have opposed USF&G's Motion. For the reasons discussed more fully below, the Court will grant USF&G's Motion.

## I.  BACKGROUND

The facts of this case are set out in this Court's October 25, 2012, Memorandum Decision and Order granting NCB's Motion for Summary Judgment ("Memorandum Decision") and will not be repeated here.[2]  In its Memorandum Decision, the Court held that USF&G was not the real party in interest entitled to prosecute this suit.  USF&G now seeks to substitute its re-insurers, National Indemnity Company and Certain Underwriters at Lloyd's of London who subscribed to policy numbers D064L0074 and D064Y00423 (collectively the "Reinsurers"), as its subrogees in this action.  In addition, USF&G requests that the Court grant it leave to file an amended complaint.  USF&G attached to its reply a proposed Fifth Amended Complaint for the Court's review.

---

[1]Docket No. 258.

[2]Docket No. 255.

## II.  DISCUSSION

Federal Rule of Civil Procedure 17(a) provides that "every action shall be prosecuted by the real party in interest."  "[T]he real party in interest is the one who, under applicable substantive law, has the legal right to bring suit."[3]  Pursuant to Rule 17(a)(3), "[t]he court may not dismiss an action for failure to prosecute in the name of the real part in interest until . . . a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted in the action."  USF&G filed the instant Motion, seeking substitution, within the time allotted by the Court.

In determining whether substitution under Rule 17(a)(3) is proper, the Court focuses "on whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was honest), and on whether the defendant was prejudiced thereby."[4]

Here, USF&G only sought to substitute the Reinsurers after NCB brought a motion for summary judgment asserting that USF&G was not the real party in interest.  As USF&G notes, that motion was hotly disputed and involved issues of first impression under Utah law.  This is not a situation where the real party waited in the shadows, intending to spring upon the unsuspecting defendants on the eve of trial.  For this reason, the Court is persuaded that USF&G's failure to name the Reinsurers was the result of an honest mistake and not tactical maneuvering.

---

[3]*Fed. Deposit Ins. Corp. v. Gelderman Inc.*, 975 F.2d 695, 698 (10th Cir. 1992).

[4]*Esposito v. United States*, 368 F.3d 1271, 1276 (10th Cir. 2004) (internal citations omitted).

3

The parties dispute whether NCB will suffer any prejudice if the Reinsurers are substituted as the plaintiffs in this case.  NCB asserts that it will be prejudiced because: (1) it has not been able to conduct discovery related to the communications between and among the real parties in interest; (2) it has not been able to take the 30(b)(6) depositions of the real parties in interest; and (3) it has not been allowed to conduct further discovery as to the relations between the parties and their legal status.  USF&G contends that NCB was made aware of the Reinsurers as early as 2008 and NCB has already deposed the only two individuals from the Reinsurers who had primary involvement in this case.

In determining whether NCB would be prejudiced, the Court directs its inquiry to whether USF&G was made sufficiently aware of the critical issues and relevant parties prior to the substitution.[5]  In the instant case, because the claims passed by virtue of subrogation, the critical issues remain the same.  Furthermore, the Court is persuaded that NCB was made sufficiently aware of the relevant parties, including the Reinsurers, well in advance of the filing of USF&G's Motion to Substitute.  In any event, to the extent NCB has been unable to complete discovery with regard to the Reinsurers, the Court will allow NCB the opportunity to conduct further discovery as to those parties.  Therefore, any resulting prejudice to NCB can be cured prior to the currently scheduled trial.

In its opposition, NCB raises a number of additional arguments it represents merit denial of USF&G's Motion to Substitute.  Specifically, NCB argues that: (1) USF&G's Motion contradicts and disregards this Court's Memorandum Decision in that it seeks to resurrect

---

[5]*See Scheufler v. Gen. Host Corp.*, 126 F.3d 1261, 1270 (10th Cir. 1997) (citing *Garcia v. Hall*, 624 F.2d 150, 151 n.3 (10th Cir. 1980)).

4

dismissed claims that the Court held could not be transferred by assignment; (2) the Reinsurers should not be substituted because subrogation is an equitable principal that requires the subrogee be without fault; and (3) USF&G failed to identify and provide evidence of loss as to the Reinsurers, thereby properly supporting its claim that the named Reinsurers are indeed the real parties in interest.  The Court will address each of NCB's arguments in turn.

A.    ASSIGNMENT

This Court held in its Memorandum Decision that the Utah Supreme Court would likely adopt the majority rule and hold that legal malpractice claims may not be assigned.[6]  This holding precludes USF&G from receiving United States Sports Specialty Association's ("USSSA") legal malpractice claims by virtue of assignment.  However, the Court also explicitly found that "USSSA and USF&G's legal malpractice claims passed to the Re-insurers by virtue of subrogation."[7]  As USF&G notes, it may appeal this Court's holding as to the assignment of legal malpractice claims.  Nonetheless, until such time, the Reinsurers will be allowed to pursue both USSSA and USF&G's legal malpractice claims based on this Court's prior holding that such claims passed by virtue of subrogation.

B.    SUBROGATION

NCB argues that substitution should be denied because subrogation is an equitable principle and the Reinsurers may not approach the Court for such relief with unclean hands.

---

[6]Docket No. 255, at 11.

[7]*Id*. at 13.

NCB relies on *Hocker v. New Hampshire*,[8] for the proposition that equitable subrogation is improper in these circumstances because the "person asserting the right to subrogation must be without fault" and "he who seeks equity must come into the court with clean hands."[9]  In *Hocker*, the Tenth Circuit affirmed a trial court's dismissal of an excess insurer's subrogation claim against a primary insurer because the excess insurer did not have clean hands due to its own prior contractual breach.[10]  The excess insurer's breach, giving rise to the finding of unclean hands, was established by the court as a matter of law.[11]

In the instant case, there exists, at best, a triable issue of fact as to whether the Reinsurers were partially at fault for the harm they allege to have suffered.  The evidences provided by NCB fall well short of establishing, as a matter of law, that the Reinsurers do not have clean hands. For this reason, the Court finds the holding in *Hocker* inapplicable at this juncture.

C.     IDENTIFICATION

NCB also argues that substitution is improper because USF&G has provided no evidence that the Reinsurers are the real parties in interest.  In its reply, USF&G has provided evidence demonstrating that the Reinsurers are indeed the real parties in interest.[12]  Based on that evidence and, for the same reasons provided in the prior Memorandum Decision, the Court finds that the Reinsurers are properly named real parties in interest to this suit.

---

[8] 922 F.2d 1476 (10th Cir. 1991).

[9] *Id*. at 1486.

[10] *Id*.

[11] *Id*. at 1483–84.

[12] *See* Docket No. 261, at 10.

6

III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that USF&G's Motion to Substitute Real Parties In Interest (Docket No. 258) is GRANTED.  It is further

ORDERED that NCB shall have fourteen (14) days from the date of this Order to submit any response to USF&G's request to file its proposed Fifth Amendment Complaint.

DATED   December 19, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

7