IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NATIONAL INDEMNITY COMPANY and Certain Underwriters at LLOYD'S OF LONDON who subscribed to policy numbers D064L0074 and D064Y00423, as subrogees of and on behalf of UNITED STATES FIDELITY AND GUARANTEE CO., and as subrogee of, and on behalf of UNITED STATES SPORTS SPECIALTY ASSOCIATION,<br><br>    Plaintiffs,<br><br>vs.<br><br>NELSON, CHIPMAN & BURT, and CLIFFORD PAYNE,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT REGARDING FEES<br><br><br><br>Case No. 2:07-CV-996 TS |

    This matter is before the Court on Nelson, Chipman & Burt, Clifford Payne, and Lewis Quigley's (referred to hereinafter as "NCB") Motion for Partial Summary Judgment Regarding Fees.[1] For the reasons discussed more fully below, the Court will grant NCB's Motion.

I.  BACKGROUND

    The facts relevant to this Motion are undisputed. This action arises from an underlying liability suit brought on behalf of a minor who was injured during an adult softball tournament.

---

[1] Docket No. 274.

United States Sports Specialty Association ("USSSA") was one of the defendants in that action. United States Fidelity and Guarantee Co. ("USF&G") provided insurance coverage for USSSA. USF&G subsequently obtained reinsurance for USSSA's policy through National Indemnity and Certain Underwriters at Lloyd's of London (the "Reinsurers"). NCB was engaged by USF&G to represent USSSA.

After a jury trial, the minor obtained a verdict in the amount of $6,688,077, with 92.5% of the fault attributed to USSSA. USF&G later settled with the minor for $4,825,000. This settlement was well in excess of the $2,000,000 limit on USSSA's insurance policy. Nevertheless, the Reinsurers, through USF&G, paid the full settlement amount. USF&G then filed the instant suit against USSSA seeking reimbursement from USSSA for the amounts it expended beyond the policy limits. The question of reimbursement presented an issue of first impression under Utah law that this Court certified to the Utah Supreme Court. The Utah Supreme Court held that "there can be no extracontractual right to restitution between the insurer and its insured."[2] USF&G and USSSA subsequently entered into a settlement agreement whereby they agreed to mutually dismiss their claims against each other with prejudice.

The Reinsurers, as subrogees of USF&G and USSSA, now bring various legal malpractice claims against NCB. The Reinsurers seek to recover the following fees as damages from NCB: (1) attorney fees in the underlying action after the point at which the case could have settled for below policy limits; (2) litigation expenses incurred by both USSSA and USF&G in determining USF&G's reimbursement rights for payments beyond the policy limits; and (3) USF&G and USSSA's litigation expenses incurred in this action. NCB argues that summary

---

[2]Docket No. 182, at 13–14.

judgment is appropriate on the second and third categories of fees. In their Response, the Reinsurers voluntarily withdraw their claim for attorney fees in the present action against NCB. Thus, the only remaining issue to be decided in this Motion is whether the Reinsurers can recover as damages the litigation expenses incurred by USSSA and USF&G in determining USF&G's reimbursement rights.

## II.  STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.[3] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[4] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[5]

## III.  DISCUSSION

"The long-standing rule in Utah is that attorney fees cannot be recovered unless provided for by statute or contract."[6] "'A well-established exception to this general rule allows recovery of attorney fees as consequential damages, but only in the limited situation where the defendant's wrongful conduct foreseeably causes the plaintiff to incur attorney fees through litigation with a

---

[3] Fed. R. Civ. P. 56(a).

[4] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[5] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[6] *Collier v. Heinz*, 827 P.2d 982, 983 (Utah Ct. App. 1992).

third party.'"[7]  This exception to the general rule is commonly referred to as the third-party litigation exception.

The third-party litigation exception has been applied to both contract and tort cases.  In breach of contract cases the exception applies "where the defendant's breach of contract foreseeably caused the plaintiff to incur attorney fees through litigation with a third party."[8]  For a loss resulting from a breach of contract to be reasonably foreseeable it "must result from the breach in the natural and usual course of events, so that it can fairly and reasonably be said that if the minds of the parties had adverted to breach when the contract was made, loss of such character would have been within their contemplation."[9]  In tort cases the exception applies "when the natural consequence of one's negligence is another's involvement in a dispute with a third party."[10]

In the instant case, the Reinsurers bring legal malpractice claims under contract and tort causes of action.  However, both causes of action are premised on the same allegations.  Namely, that NCB failed to properly evaluate the liability of USSSA, failed to keep USSSA and USF&G advised of potential settlement opportunities, and failed to advise USSSA and USF&G of potential conflicts of interest.

---

[7]*Macris & Assocs., Inc. v. Neways, Inc.*, 60 P.3d 1176, 1179 (Utah Ct. App. 2002) (quoting *Collier*, 827 P.2d at 983).

[8]*Collier*, 827 P.2d at 983–84.

[9]*Pac. Coast Title Ins. Co. v. Hartford Accident & Indem. Co.*, 325 P.2d 906, 907 (Utah 1958).

[10]*S. Sanpitch Co. v. Pack*, 765 P.2d 1279, 1282–83 (Utah Ct. App. 1988) (internal citations omitted).

third party.'"[7]  This exception to the general rule is commonly referred to as the third-party litigation exception.

The third-party litigation exception has been applied to both contract and tort cases.  In breach of contract cases the exception applies "where the defendant's breach of contract foreseeably caused the plaintiff to incur attorney fees through litigation with a third party."[8]  For a loss resulting from a breach of contract to be reasonably foreseeable it "must result from the breach in the natural and usual course of events, so that it can fairly and reasonably be said that if the minds of the parties had adverted to breach when the contract was made, loss of such character would have been within their contemplation."[9]  In tort cases the exception applies "when the natural consequence of one's negligence is another's involvement in a dispute with a third party."[10]

In the instant case, the Reinsurers bring legal malpractice claims under contract and tort causes of action.  However, both causes of action are premised on the same allegations.  Namely, that NCB failed to properly evaluate the liability of USSSA, failed to keep USSSA and USF&G advised of potential settlement opportunities, and failed to advise USSSA and USF&G of potential conflicts of interest.

---

[7]*Macris & Assocs., Inc. v. Neways, Inc.*, 60 P.3d 1176, 1179 (Utah Ct. App. 2002) (quoting *Collier*, 827 P.2d at 983).

[8]*Collier*, 827 P.2d at 983–84.

[9]*Pac. Coast Title Ins. Co. v. Hartford Accident & Indem. Co.*, 325 P.2d 906, 907 (Utah 1958).

[10]*S. Sanpitch Co. v. Pack*, 765 P.2d 1279, 1282–83 (Utah Ct. App. 1988) (internal citations omitted).

Even accepting these allegations as true, it cannot fairly and reasonably be said that a contemplated loss resulting from NCB's allegedly negligent acts would be the attorney fees expended in a reimbursement action between USF&G and USSSA. The Reinsurers' argument requires the Court to infer that it was foreseeable that: (1) the underlying case would result in a verdict at trial in excess of policy limits; (2) that USF&G would settle with the minor for an amount in excess of policy limits; (3) that USSSA would refuse to pay the amount in excess of the policy limits; and (4) that USF&G would bring suit against USSSA to determine the scope of its coverage under the policy. Such is not the natural and usual course of events resulting from a breach of a representation agreement entered into by an insurer and counsel retained for its insured. Nor is it the foreseeable natural consequence of NCB's alleged negligence.

Because USF&G's coverage dispute with USSSA is not the foreseeable consequence of NCB's alleged malpractice, the Court finds that no reasonable jury could return a verdict for the Reinsurers on their claim for attorney fees under the third-party litigation exception.

IV.  CONCLUSION

It is therefore

ORDERED that NCB's Motion for Partial Summary Judgment Against USF&G and USSSA (Docket No. 274) is GRANTED.

DATED   January 18, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge