IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NATIONAL INDEMNITY COMPANY and Certain Underwriters at LLOYD'S OF LONDON who subscribed to policy numbers D064L0074 and D064Y00423, as subrogees of and on behalf of UNITED STATES FIDELITY AND GUARANTEE CO., and as subrogee of, and on behalf of UNITED STATES SPORTS SPECIALTY ASSOCIATION,<br><br>    Plaintiffs,<br><br>vs.<br><br>NELSON, CHIPMAN & BURT, and CLIFFORD PAYNE,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO STRIKE EXPERT REPORT OF ROBERT WALLACE<br><br><br><br><br><br><br><br>Case No. 2:07-CV-996 TS |

This matter is before the Court on Plaintiffs National Indemnity Company and Certain Underwriters at Lloyd's of London's Motion to Strike Expert Report of Robert Wallace.[1] For the reasons provided below, the Court will deny Plaintiffs' Motion.

This action involves Plaintiffs' claims that Defendants Nelson, Chipman & Burt and Clifford Payne (referred to hereinafter as "NCB") breached their representation agreement and acted negligently during the course of their legal representation of Plaintiffs' insured. NCB seeks

---

[1]Docket Nos. 264, 270.

1

to call Robert Wallace, Esquire, to testify as an expert witness on their behalf.  Pursuant to the requirements of Federal Rule of Civil Procedure 26, on September 13, 2012, NCB timely submitted Mr. Wallace's expert disclosure along with his expert report.  Plaintiffs now seek to have the majority of Mr. Wallace's report stricken as violative of Federal Rules of Evidence 403 and 702.

"The admission of expert testimony is within the sound discretion of the trial court."[2] Rule 702 "allows a witness 'who is qualified as an expert by knowledge, skill, experience, training, or education' to provide opinion testimony at trial, if 'the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.'"[3]  However, "no expert or any other witness will be permitted to simply summarize the facts and the depositions of others.  Such testimony comes dangerously close to usurping the fact-finder's function and implicates Rule 403 as a needless presentation of cumulative evidence and a waste of time."[4]  Nor are experts allowed to testify as to legal conclusions.  "Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards."[5]

---

[2]*United States v. Vreeken*, 803 F.2d 1085, 1091 (10th Cir. 1986).

[3]*iFreedom Direct Corp. v. First Tenn. Bank Nat'l Ass'n*, 2012 WL 3067597, at *1 (D. Utah July 27, 2012) (quoting Fed. R. Civ. P. 702).

[4]*Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 627 F. Supp. 2d 384, 441 (D.N.J. 2009) (internal quotation marks and citation omitted).

[5]*iFreedom Direct Corp.*, 2012 WL 3067597, at *2 (internal quotation marks and citation omitted).

Here, the Court is persuaded that portions of Mr. Wallace's report improperly summarize the depositions of others. Further, Mr. Wallace's statements as to Utah law on agency border on improper advocating of legal conclusions. However, Mr. Wallace's report is not evidence admissible at trial.[6] Moreover, the Court would note that, as this is a bench trial, the finder of fact is unlikely to be confused by any of Mr. Wallace's statements of the law. Therefore, the Court will decline to strike portions of Mr. Wallace's report. "If Plaintiff[s] . . . seek to limit or preclude certain opinions of [Defendant's] expert at trial, a motion in limine may be filed by the appropriate deadline" to limit such testimony.[7]

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion to Strike Expert Report of Robert Wallace (Docket Nos. 264 and 270) is DENIED.

DATED   January 22, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[6]*See Monarch Health Scis. v. Corkin*, 2007 WL 5354823, at *1 (D. Utah Dec. 20, 2007).

[7]*Id.*; *see also Garcia v. Golden Eagle Exploration*, 2011 WL 32538, at *1 (D. Utah Jan. 5, 2011).