IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NATIONAL INDEMNITY COMPANY and Certain Underwriters at LLOYD'S OF LONDON who subscribed to policy numbers D064L0074 and D064Y00423, as subrogees of and on behalf of UNITED STATES FIDELITY AND GUARANTEE CO., and as subrogee of, and on behalf of UNITED STATES SPORTS SPECIALTY ASSOCIATION,<br><br>   Plaintiffs,<br><br>vs.<br><br>NELSON, CHIPMAN & BURT, and CLIFFORD PAYNE,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO STRIKE EXPERT REPORT OF JIM LEATZOW<br><br><br><br><br><br><br><br>Case No. 2:07-CV-996 TS |

This matter is before the Court on Plaintiffs National Indemnity Company and Certain Underwriters at Lloyd's of London's Motion to Strike Expert Report of Jim Leatzow.[1] For the reasons provided below, the Court will deny Plaintiffs' Motion.

This action involves Plaintiffs' claims that Defendants Nelson, Chipman & Burt and Clifford Payne (referred to hereinafter as "NCB") breached their representation agreement and acted negligently during the course of their legal representation of Plaintiffs' insured. NCB seeks

---

[1]Docket No. 265, 268.

to call Jim Leatzow to testify as an expert witness on their behalf.  Pursuant to the requirements of Federal Rule of Civil Procedure 26, on August 27, 2012, NCB timely submitted Mr. Leatzow's expert disclosure along with his expert report.  Plaintiffs now move to strike Mr. Leatzow's report on the basis that it: (1) is unnecessarily cumulative; (2) improperly opines on factual and legal conclusions; (3) constitutes argument; and (4) is insufficiently reliable.

"The admission of expert testimony is within the sound discretion of the trial court."[2] Rule 702 "allows a witness 'who is qualified as an expert by knowledge, skill, experience, training, or education' to provide opinion testimony at trial, if 'the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.'"[3]  The expert's testimony must be "based on sufficient facts or data," be the "product of reliable principles and methods," and apply "the principles and methods to the facts of the case."[4]  Experts are not allowed to pronounce legal conclusions as testimony.  "Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards."[5]

Here, the Court finds that Mr. Leatzow is qualified as an expert due to the knowledge, skill, experience, and training he has received as a result of his 37 years of experience in the insurance industry.  The Court therefore finds Mr. Leatzow's report to be sufficiently reliable to

---

[2]*United States v. Vreeken*, 803 F.2d 1085, 1091 (10th Cir. 1986).

[3]*iFreedom Direct Corp. v. First Tenn. Bank Nat'l Ass'n*, 2012 WL 3067597, at *1 (D. Utah July 27, 2012) (quoting Fed. R. Civ. P. 702).

[4]Fed. R. Evid. 702(b)–(d).

[5]*iFreedom Direct Corp.*, 2012 WL 3067597, at *2 (internal quotation marks and citation omitted).

merit Mr. Leatzow testifying at trial. While Mr. Leatzow's report does contain certain legal conclusions as testimony, the Court would note that, as this is a bench trial, the finder of fact is unlikely to be confused by any of Mr. Leatzow's statements of the law. Furthermore, Mr. Leatzow's report is not evidence admissible at trial.[6] Therefore, the Court will decline to strike Mr. Leatzow's report. "If Plaintiff[s] . . . seek to limit or preclude certain opinions of [Defendant's] expert at trial, a motion in limine may be filed by the appropriate deadline" to limit such testimony.[7]

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion to Strike Expert Report of Jim Leatzow (Docket Nos. 265 and 268) is DENIED.

DATED   January 22, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[6] *See Monarch Health Scis. v. Corkin*, 2007 WL 5354823, at *1 (D. Utah Dec. 20, 2007).

[7] *Id*. at *1; *see also Garcia v. Golden Eagle Exploration*, 2011 WL 32538, at *1 (D. Utah Jan. 5, 2011).