IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NATIONAL INDEMNITY COMPANY and Certain Underwriters at LLOYD'S OF LONDON who subscribed to policy numbers D064L0074 and D064Y00423, as subrogees of and on behalf of UNITED STATES FIDELITY AND GUARANTEE CO., and as subrogee of, and on behalf of UNITED STATES SPORTS SPECIALTY ASSOCIATION,<br><br> Plaintiffs,<br><br>vs.<br><br>NELSON, CHIPMAN & BURT, and CLIFFORD PAYNE,<br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE TO EXCLUDE MEDIATION COMMUNICATIONS<br><br><br><br>Case No. 2:07-CV-996 TS |

 This matter is before the Court on Plaintiffs National Indemnity Company and Certain Underwriters at Lloyd's of London's Motion in Limine to Exclude Mediation Communications.[1] For the reasons provided below, the Court will deny the Motion.

 This action involves Plaintiffs' claims that Defendants Nelson, Chipman & Burt and Clifford Payne (referred to hereinafter as "NCB") breached their representation agreement and acted negligently during the course of their legal representation of Plaintiffs' insured during an

---

 [1]Docket No. 273.

1

underlying personal injury proceeding. Through this Motion, Plaintiffs seek to exclude all mediation communications related to two pretrial mediations in the underlying state court proceeding.

The Utah Uniform Mediation Act provides that mediation communications are subject to the following privileges limiting their admissibility in evidence:

> (a) A mediation party may refuse to disclose, and may prevent any other person from disclosing, a mediation communication.
> (b) A mediator may refuse to disclose a mediation communication, and may prevent any other person from disclosing a mediation communication of the mediator.
> (c) A nonparty participant may refuse to disclose, and may prevent any other person from disclosing, a mediation communication of the nonparty participant.[2]

The act further provides, however, that these privileges do not apply where the mediation communications are "sought or offered to prove or disprove a claim or complaint of professional misconduct or malpractice filed against a mediation party, nonparty participant, or representative of a party based on conduct occurring during a mediation."[3]

NCB asserts that the mediation communications from the underlying state court proceeding are not subject to the privilege provided under the Uniform Mediation Act because this action involves claims of professional misconduct and the alleged misconduct occurred, at least in part, during the mediation proceedings. Plaintiffs contend that mediation communications are nevertheless inadmissible because their claims against NCB do not involve actions taken during the mediation proceedings and because mediatiors' communications remain privileged and inadmissible even where legal malpractice claims are involved.

---

[2] Utah Code Ann. § 78B-10-104(2).

[3] *Id*. at § 78B-10-106(f).

The instant dispute clearly involves allegations of professional misconduct or malpractice. Despite Plaintiffs' arguments to the contrary, a portion of the malpractice claims relate to the underlying mediation proceedings. For example, Plaintiffs allege that NCB failed to communicate offers to settle the underlying action. At least one of these offers to settle is alleged to have occurred during the course of mediation. The provisions of the Utah Uniform Mediation Act cited above explicitly provide that such communications are not privileged.

In addition, the Court finds Plaintiffs' argument that the mediators' communications remain privileged and inadmissible under Utah Code Ann. § 78B-10-106(3) unavailing. Section 106(3) provides that "[a] mediator may not be compelled to provide evidence of a mediation communication referred to in Subsection (1)(f) or (2)(c)(ii)." Merely because a mediator cannot be compelled to provide evidence of mediation communications does not foreclose the admission of such evidence where obtained from other sources. Here, no party has sought to compel the mediators from the underlying mediations to supply any evidence. Therefore, this statutory section is not on point.

In sum, the Court finds the privilege cited by Plaintiffs inapplicable to the case at hand. It is therefore

ORDERED that Plaintiff's Motion in Limine to Exclude Mediation Communications (Docket No. 273) is DENIED.

DATED   January 22, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge