IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NATIONAL INDEMNITY COMPANY and Certain Underwriters at LLOYD'S OF LONDON who subscribed to policy numbers D064L0074 and D064Y00423, as subrogees of and on behalf of UNITED STATES FIDELITY AND GUARANTEE CO., and as subrogee of, and on behalf of UNITED STATES SPORTS SPECIALTY ASSOCIATION, | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE DEFENDANTS' EXPERT ROBERT WALLACE AND FOR A DAUBERT HEARING |
| Plaintiffs, | |
| vs. | Case No. 2:07-CV-996 TS |
| NELSON, CHIPMAN & BURT, and CLIFFORD PAYNE, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion in Limine to Exclude Testimony of Defendants' Expert Robert Wallace and for a *Daubert* Hearing.[1]  For the reasons discussed more fully below, the Court will deny Plaintiffs' Motion.

---

[1]Docket No. 302.

1

## I.  BACKGROUND

In this action, Plaintiffs assert that Defendants Nelson, Chipman, & Burt ("NCB") breached the standard of care owed in their capacity as attorneys for United States Sports Specialty Association and United States Fidelity and Guarantee Company.  In anticipation of trial, both parties have retained experts to testify as to the standard of care owed by NCB.  Through this Motion, Plaintiffs seek to exclude Defendants' expert on this topic, Robert Wallace, from testifying at trial.  More specifically, Plaintiffs request that the Court hold a *Daubert* hearing at the time Defendants call Mr. Wallace to address and exclude Mr. Wallace's opinions.

## II.  STANDARD

Fed.R.Evid. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals Inc.*[2] and *Kumho Tire Co., Ltd. v. Carmichael*,[3] the Supreme Court interpreted the requirements of Rule 702.  "*Daubert* requires a trial judge to 'ensure that any and all scientific testimony or evidence admitted is not only

---

[2]509 U.S. 579 (1993).

[3]526 U.S. 137 (1999).

relevant, but reliable.'"[4]  "In applying Rule 702, the trial court has the responsibility of acting as a gatekeeper."[5]

"The trial court has the discretion to determine how to perform its gatekeeping function."[6] This discretion includes reaching a determination of whether a *Daubert* hearing is required.[7] "[T]he court's gatekeeping role is necessarily different" if the case is tried by the court as opposed to a jury.[8]  "Where the gatekeeper and the fact[-]finder are one and the same—that is, the judge—the need to make such decisions prior to hearing the testimony is lessened."[9]

### III.  DISCUSSION

Plaintiffs argue that Mr. Wallace's testimony is improper on two grounds.  Plaintiffs argue that (1) Mr. Wallace is not qualified as an expert and (2) his opinions are not reliable.

### A.    QUALIFICATIONS

Plaintiffs first assert that Mr. Wallace is not qualified to testify in this matter because he lacks necessary experience.  Plaintiffs take issue with the fact that Mr. Wallace has: (1) "never been an insurance adjuster or even worked for an insurance company;" (2) "has never been a

---

[4]*Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1163 (10th Cir. 2000) (quoting *Daubert*, 509 U.S. at 589).

[5]*In re Breast Implant Litig.*, 11 F. Supp. 2d 1217, 1222 (D. Colo. 1998).

[6]*Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1031 (10th Cir. 2007).

[7]*Id.*

[8]*In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006).

[9]*Id.*

CEO or even run a business outside of his law practice;" (3) "has never been a general counsel;" and (4) "has only cursory experience trying cases in Utah County."[10]

The Court is not persuaded that Mr. Wallace's lack of experience in the specific roles or fields noted by Plaintiffs necessitates a finding that Mr. Wallace is unqualified to testify in this matter.  As Defendants note, Mr. Wallace has over 40 years of experience trying cases to Utah juries.  Mr. Wallace has also tried cases to juries in Utah County.  Furthermore, 70–75 percent of Mr. Wallace's work involved the defense of personal injury cases and, in 90–95 percent of his civil work, Mr. Wallace was retained by insurers.

Based on this experience and that provided in his curriculum vitae, the Court finds that Mr. Wallace is qualified to provide expert testimony in this case.

B.     RELIABILITY

Plaintiffs next assert that Mr. Wallace's opinions are not reliable because Mr. Wallace admitted in his deposition that he could not explain a methodology for his opinions.  Defendants contend that "Mr. Wallace did not make any such statement at his deposition."[11]

The Court is persuaded that this case is not a case in which Mr. Wallace could have reached his opinions only after performing exacting scientific experiments.  Rather, the expert witnesses in this case may give their opinions after evaluating the underlying case based on the applicable standard of care.  Each expert's experience provides the method of evaluation.  That being said, the Court finds that Mr. Wallace's testimony is the product of reliable principles and methods, and will deny Plaintiffs' Motion on this grounds.

---

[10]Docket No. 302, at 7.

[11]Docket No. 313, at 6 n.1.

4

Finally, to the extent Plaintiffs feel that Mr. Wallace's opinions fail to take into account necessary facts or are the result of only cursory research, these shortcomings in Mr. Wallace's opinions are best addressed on cross-examination.[12]

### IV.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion in Limine to Exclude Testimony of Defendants' Expert Robert Wallace and for a *Daubert* Hearing (Docket No. 302) is DENIED.

DATED   February 4, 2013.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[12]*See Goebel v. Denver & Rio Grande W. R.R. Co.*, 346 F.3d 987, 994 (10th Cir. 2003) (holding that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence").