IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NATIONAL INDEMNITY COMPANY and Certain Underwriters at LLOYD'S OF LONDON who subscribed to policy numbers D064L0074 and D064Y00423, as subrogees of and on behalf of UNITED STATES FIDELITY AND GUARANTEE CO., and as subrogee of, and on behalf of UNITED STATES SPORTS SPECIALTY ASSOCIATION,<br><br>    Plaintiffs,<br><br>vs.<br><br>NELSON, CHIPMAN & BURT, and CLIFFORD PAYNE,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE TO DISMISS THE ASSIGNED AND SUBROGATED CLAIMS OF USSSA<br><br><br><br>Case No. 2:07-CV-996 TS |

    This matter is before the Court on Defendants' Motion in Limine to Dismiss the Assigned and Subrogated Claims of USSSA.[1]  Defendants assert that any claims brought on behalf of United States Sports Specialty Association fail as a matter of law.  Because the Court finds a motion in limine to be an improper vehicle for dismissal of USSSA's claims, the Court will deny Defendants' Motion.

    The use of motions in limine to summarily dismiss a portion of a claim has been condemned, and trial courts are cautioned not to allow motions in limine to be used as unwritten and unnoticed motions for summary judgment or motions to

---

[1] Docket No. 303.

dismiss. Nor should the motion be used to perform the function of a directed verdict. Motions in limine are not to be used as a sweeping means of testing issues of law. And deficiencies in pleadings or evidence are not appropriately resolved by a motion in limine. Clearly, a motion in limine cannot properly be used as a vehicle to circumvent the requirements of rules of procedure.[2]

Further, to the extent Defendants' Motion could be construed as a motion for judgment on the pleadings under Federal Rule Civil Procedure 12(c), the Court finds that Plaintiffs' Motion is untimely and would delay trial.

It is therefore

ORDERED that Defendants' Motion in Limine to Dismiss the Assigned and Subrogated Claims of USSSA (Docket No. 303) is DENIED.

DATED   February 5, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] 75 Am. Jur. 2d *Trial* § 99 (1991).